IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| REGINA RENEE FUQUA,           ) | |
|     Plaintiff,             ) | |
|                              ) | CIVIL ACTION NO. |
|   v.                    ) | 2:19cv548-MHT |
|                              ) | (WO) |
| A. DAVIS, Officer,       ) | |
|     Defendant.            ) | |

OPINION AND ORDER

This case is before the court on the recommendation of the United States Magistrate Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to the plaintiff's failure to follow a court order to inform the court of any address changes. While the plaintiff previously sent address updates notifying the court of her transfer from the Julia Tutwiler Prison for Women to the Alabama Therapeutic Education Facility, the Alabama Department of Corrections' website shows that the plaintiff is now back at Tutwiler, and she has not informed the court of such.

The magistrate judge recommended dismissal without prejudice. However, the statute of limitations on the plaintiff's claim ran in 2021, so any dismissal would in effect be with prejudice. Dismissal "with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). Before dismissing with prejudice, the court must find that "there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Id.* (quoting *Jones*, 709 F.2d at 1458, & citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)*). The court finds insufficient evidence at this time to reach such a conclusion. Therefore, the court must find out the reason for the plaintiff's failure, if there is one.

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

\*\*\*

Accordingly, it is ORDERED that:

(1) The clerk of court shall mail a copy of this order and the report and recommendation (Doc. 36) to the plaintiff at her current address at Julia Tutwiler Prison for Women.

(2) By August 10, 2022, plaintiff may file an objection to the report and recommendation, which should state when she was transferred to Tutwiler from Alabama Therapeutic Education Facility and explain why she did not send the court an address update when she was transferred to Tutwiler.

(3) If plaintiff does not respond by that date, the court will assume she is no longer interested in this case, and will dismiss the case with prejudice.

DONE, this the 20th day of July, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE